Filed 7/26/2018 3:29 PM
Debra Johnson, District Clerk
Panola County, Texas
By: LaWanda Williams,
Deputy Clerk
2018-228

CAUSE NO. 2018-228

| | | |
|---|---|---|
| **TERRY TERRAL,** | § | **IN THE DISTRICT COURT** |
| *PLAINTIFF* | § | |
| | § | |
| VS. | § | \_\_\_\_ **JUDICIAL DISTRICT** |
| | § | |
| **WALMART, INC.,** | § | |
| *DEFENDANT* | § | **PANOLA COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, TRCP 194.2 REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES TERRY TERRAL**, hereinafter referred to by name or as Plaintiff, and complains of **WALMART, INC.**, hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. PARTIES

2. Plaintiff **TERRY TERRAL** (SSN xxx-xx-x435) is an individual residing in Panola County, Texas.

3. Defendant **WALMART, INC.** is a company registered to do business in the state of Texas and may be served with process through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.
## JURISDICTION & VENUE

4. This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court of more than **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)**. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

5. Venue is proper in Panola County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Panola County, Texas.

## IV.
## FACTS

6. On or about March 9, 2017, Plaintiff **Terry Terral** arrived at the property located at 4609 Texas Loop 436 ("The Property") in Carthage, Texas. Defendant **Walmart Inc.**, operates a retail store located at 4609 Texas Loop 436, Carthage, TX 75633. Plaintiff Terry Terral, was sitting on a bench in the shoe department inside the Walmart when the bench collapsed beneath him causing Plaintiff to fracture his L1 vertebrae.

7. Plaintiff alleges that Defendant Walmart Inc. had actual or constructive knowledge of the condition on the premises, that the condition posed an unreasonable risk of harm, that Defendants did not exercise care to reduce or eliminate the risk, and through Defendant's failure to use such care, Plaintiff was injured directly by Defendant's negligence with the sole proximate cause being such negligence.

## V.

## CAUSES OF ACTION AGAINST
## DEFENDANT WALMART INC.

### A. PREMISES LIABILITY

8.      Plaintiff was a customer to whom Defendant WALMART INC, owed a duty to exercise reasonable care to protect Plaintiff from dangerous conditions on the property known or discoverable by Defendant.

9.      The bench at issue on Defendant's property causing the Plaintiff to fall, and this bench posed an unreasonable risk to Plaintiff. Defendant WALMART INC'S, knew of or should have known of the condition of the bench and failed to warn Plaintiff of the dangerous condition or to make the condition reasonably safe.

10.     The occurrence made the basis of this lawsuit and the resulting injuries and the damages were proximately caused by the negligence of Defendant because Plaintiff was an invitee to whom Defendant WALMART INC'S owed a duty to exercise reasonable care to protect her from dangerous conditions on the property know or discoverable by Defendant.

### B. NEGLIGENCE

11.     The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of the Defendant **WALMART INC'S**. On the occasion in question, the Defendant was negligent towards the Plaintiff in the following respects:

   a.   Failing to warn customers, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendant's premises;

   b.   Failure to inspect the bench and properly maintain it;

   c.   Allowing a dangerous condition to exist, so that Plaintiff could be injured by the deteriorating bench;

   d.   Failing to provide for the safety of Plaintiff under the circumstances;

    e.    Negligently maintaining the area in question in such a way so as to constitute a negligent activity;

    f.    Failing to maintain the premises in a reasonably safe condition for Plaintiff and other customers; and

    g.    Failing to remove the dangerous condition or warn of its existence.

Each and all of the foregoing acts and or omissions were negligent and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

12.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence which proximately caused the injuries and other losses as specifically set forth herein.

13.    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## DAMAGES

15.    As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **TERRY TERRAL** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

16.    As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

17. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

18. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief more than **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

19. Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

20. Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

21. Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

22. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## ATTACHED DISCOVERY

23. Attached to Plaintiff's Original Petition, are the following written discovery requests to which Defendants are requested to answer/respond within fifty (50) days of service hereof:

    a. Plaintiff's First Set of Interrogatories to Defendant WALMART INC.
    b. Plaintiff's First Requests for Production to Defendant WALMART INC.
    c. Plaintiff's First Requests for Admissions to Defendant WALMART INC.

## XII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: awaddell-svc@thomasjhenrylaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

    1. Pain and suffering in the past;

2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage earning capacity;
13. Loss of use;
14. Pre-judgment interest;
15. Post-judgment interest; and
16. Exemplary damages;

RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 985-0600;   FAX: (361) 985-0601

BY: _____
THOMAS J. HENRY
STATE BAR NO. 09484210
ANTHONY WADDELL
STATE BAR NO. 24042105
*email: awaddell-svc@thomasjhenrylaw.com
ATTORNEYS FOR PLAINTIFFS

* service by email to this address only