UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:18-cv-00448

**Terry Terral,**
*Plaintiff,*

v.

**Walmart, Inc.,**
*Defendant.*

## ORDER

Before the court is defendant's motion for summary judgment. Doc. 25. Upon consideration of the moving papers and evidence, the court will **grant** the motion.

### Background

This case arises from a March 2017 accident at a Walmart location in Carthage, Texas. Doc. 2. Plaintiff alleged, and defendant agreed, that (1) plaintiff was an invitee at the Walmart location in question on March 9, 2017; (2) Wal-Mart Stores Texas, LLC was the operator of that store on the date in question; and (3) while inside the store plaintiff sat on a bench that collapsed beneath him. Docs. 2 at 2 & 25 at 1-2. Wal-Mart Stores Texas, LLC is a subsidiary of defendant. Doc. 24. Plaintiff alleged premises-liability and negligence causes of action. Doc. 2.

Plaintiff originally brought suit in the 123rd Judicial District Court of Panola County, Texas. Defendant removed the case to this court on August 27, 2018, pursuant to the court's diversity jurisdiction. Doc. 1. The case was mediated on September 25, 2019, resulting in an impasse. Doc. 20. On July 6, 2020, defendant moved for summary judgment, arguing that there is no evidence of one or more essential elements of each of plaintiff's causes of action. Doc. 25. The motion was briefed through the reply (Docs. 28 & 32). A sur-reply was due by August 13, 2020, but none was filed.

**Legal standard**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). A material fact is one that is likely to reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is not genuine if the trier of fact could not, after an examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As such, the burden of demonstrating that no genuine issue of material fact exists lies with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence and take all reasonable factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). Accordingly, the simple fact that the court believes that the non-moving party will be unsuccessful at trial is insufficient reason to grant summary judgment in favor of the moving party. *Jones v. Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982).

Once the court determines that the movant has presented sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the party opposing summary judgment. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In establishing a genuine dispute of material fact, the party opposing summary judgment cannot rest on allegations made in their pleadings without setting forth specific facts establishing a genuine dispute worthy of trial. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir. 1992). The non-moving party must demonstrate a genuinely disputed fact by citing to particular parts of materials in the record, such as affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials; or by

showing that the materials cited by the movant do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1)(A)-(B). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995). Moreover, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The court may grant summary judgment against a party who cannot provide any evidence of an essential element of a claim on which that party will bear the burden of proof at trial. *Celotex Corp.*, 447 U.S. at 322-23.

### The evidence

With its motion, defendant submitted as Exhibit 1 excerpts from the deposition of plaintiff. Doc. 25-1. Defendant further offered as Exhibit 2 excerpts from the deposition of Gayla Massingill, manager of the Walmart location in question. Doc. 25-2.

With his response, plaintiff submitted as Exhibit 1 excerpts from the deposition of Michael Painter, "Asset Protection Assistant Store Manager." Doc. 28-1. Plaintiff further offered as Exhibit 2 excerpts from the deposition of Pamela Gossett, "Assistant Store Manager." Doc. 28-2. Finally, plaintiff submitted three color photos of the broken bench as Exhibits 3, 4, and 5. Docs. 28-3, 28-4, & 28-5.

### Analysis

As a threshold matter, plaintiff alleged in his response that defendant "either intentionally or negligently failed to preserve crucial evidence," namely the collapsed bench. Doc. 28 at 3-6. Therefore, plaintiff argued, he has been deprived of any opportunity to inspect the bench and his ability to present his claim has been irreparably harmed. *Id.* Plaintiff did not incorporate this allegation into the rest of his arguments and did not reference it again until the conclusion of the response. Nor

did plaintiff specifically request any relief related to this allegation. Plaintiff provided no relevant authorities, citing only state law. *King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003) (federal law, rather than state law, governs adverse inferences based on unproduced evidence).

In federal court, "an adverse inference based on the destruction of potential evidence is predicated on the 'bad conduct' of the defendant." *Id*. (citing *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000)). Therefore, a party alleging spoliation of evidence must show that the opposing party acted in bad faith. *Id*. (citing *Vick v. Tex. Emp't Comm'n*, 514 F.2d 734, 737 (5th Cir. 1957)). Whether to grant an adverse inference is committed to the discretion of the district court. *Id*. Plaintiff established, through the deposition testimony of Michael Painter (Doc. 28-1) that defendant had a written policy regarding the retention of evidence, that the bench should have been retained under that policy, and that the bench was not properly retained. Docs. 28 at 5-6 & 28-1. And it appears that defendant anticipated that a suit could be filed with regard to the incident in question. Plaintiff has not provided any evidence to show, however, that defendant acted in bad faith, and therefore no issue of material fact exists.

Mr. Painter testified that the bench was taken from the "asset protection office" to a "hallway behind the service desk." Doc. 28-1. He testified that he does not know where it went from there or what happened to it, but that he *thinks* it was thrown away. *Id*. (emphasis added). Although he could have continued to seek information regarding the disposition of the bench, plaintiff apparently abandoned his investigation into this matter after deposing Mr. Painter. Plaintiff alleges that the disappearance of the bench was "either intentional or negligent." But plaintiff has provided no evidence of bad faith beyond speculation and is therefore not entitled to any inference based on defendant's failure to retain the bench. The court

will now address *seriatim* plaintiff's two theories of recovery: premises liability and negligence.

### I. Premises liability

The elements of a premises-liability cause of action in Texas are (1) that the defendant had actual or constructive knowledge of a condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the condition was concealed (not open and obvious); (4) that the plaintiff was not aware of the danger; (5) that defendant did not exercise reasonable care to make safe or warn against the unreasonably dangerous condition; and (6) that defendant's failure to use reasonable care proximately caused plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). The first and second elements are at issue here. The court need only address the first.

Without actual knowledge, there must be sufficient evidence to show that the condition had existed for long enough that the defendant should have discovered it through the exercise of reasonable care and inspection. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). In other words, that the defendant had a reasonable opportunity to discover it. *Id.* Establishing the mere possibility that the condition had existed for the requisite amount of time or that it was possible for it to have been discovered is not sufficient to prove constructive knowledge. *Id*. at 816. In determining whether the defendant should have discovered the condition, the court may consider (1) the proximity of employees to the condition, (2) the conspicuousness of the condition, and (3) the length of time it existed. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567-68 (Tex. 2006) (citing *Reece*, 81 S.W.3d at 816). While the first two factors are instructive, the third is key because "without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Reece*, 81 S.W.3d at 816. "There must be some proof of how long the

hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition. Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach [the Texas Supreme Court has] clearly rejected." *Id*. at 817.

Here, plaintiff relies on the deposition testimony of Ms. Gossett (Doc. 28-2). She testified that it is part of her daily responsibilities to inspect the store for "anything out of line," including equipment such as the bench. Doc. 28-2 at 5-6. She further testified that, although it is "not on [any] of [their] lists" to do so, employees occasionally check or sit on the benches in the store. *Id*. at 6-7. Plaintiff argues that a piece of duct tape on the outside of the upholstered portion of the bench indicates that defendant's employees inspected the bench prior to the accident. Docs. 28 at 8-9 & 28-3. As a result of this inspection, plaintiff argues, defendant had actual or constructive knowledge of several loose screws. Docs. 28 at 9, 28-4, & 28-5.

Therefore, plaintiff concludes, based on the duct tape and Ms. Gossett's testimony, "the dangerous condition of the bench existed long enough to give defendant a reasonable opportunity to discover the condition of the bench." Doc. 28 at 10. But none of this evidence is temporal and thus it cannot show what plaintiff claims it shows. None of this evidence indicates the length of time the dangerous condition, that is the fragile nature of the bench, existed. The evidence lacks even an indication of when the bench in question had been inspected last. From this evidence, it is equally possible that the bench had been in a compromised state for a month, a day, an hour, or a moment. For the same reasons, the placement of the duct tape is no evidence of knowledge of the loose screws, especially given that there is no evidence of when the duct tape was put on the bench or of when the screws became loose. Therefore, there is no basis upon which a trier of fact could

reasonably assess the opportunity defendant had to discover the condition of the bench.

Because there is no evidence of actual or constructive knowledge, plaintiff's premises-liability claim must fail. The court need not address the issue of unreasonable risk of harm.

## II. Negligence

Defendant asserts that because plaintiff's claims involve injury resulting solely from a condition on the premises, he is limited to a premises-liability theory of recovery, citing *Kroger v. Persley*, 261 S.W.3d 316, 319 (Tex. App. 2008). Plaintiff did not respond to this argument.

The complaint alleges the following with regard to plaintiff's negligence cause of action: (a) defendant failed to warn plaintiff "of the hazards of an unreasonably dangerous condition on defendant's premises;" (b) defendant failed "to inspect the bench and properly maintain it;" (c) defendant allowed "a dangerous condition to exist;" (d) defendant failed "to provide for the safety of plaintiff under the circumstances;" (e) defendant negligently maintained "the area in question in such a way so as to constitute a negligent activity;" (f) defendant failed to maintain "the premises in a reasonably safe condition;" and (g) failed "to remove the dangerous condition or warn of its existence." Doc. 2 at 3-4. All of these except (e), and possibly (d), clearly pertain to a premises-liability theory. But plaintiff does attempt to put forth a negligent-activity theory under (e).

In Texas, a negligent-activity theory is viable only if the plaintiff is injured as a contemporaneous result of the activity, rather than by a condition created by the activity. *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193 (Tex. 2015). Whereas premises liability is a nonfeasance theory, negligent activity is a malfeasance theory. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). A claim for negligent activity is submitted on a general-negligence question. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). Texas recognizes that

almost all artificial conditions are necessarily created by an activity but has repeatedly refused to blur the lines between negligent activity and premises liability, holding that an activity that creates a condition is not the kind of contemporaneous activity necessary for a negligent activity claim. *United Scaffolding*, 537 S.W.3d at 472; *Del Lago*, 307 S.W.3d at 776.

In *Austin v. Kroger*, the Texas Supreme Court reaffirmed that "when a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises liability." 465 S.W.3d at 215. The court did state, however, that an injury may have more than one proximate cause and a negligent-activity claim could exist on the same facts as a premises-liability claim. *Id.* at 216. So negligent activity and premises liability may be raised in the same action on an appropriate fact pattern, but this is not an appropriate fact pattern. Plaintiff fails to allege an activity other than "negligently maintaining the area in question." Plaintiff fails to allege or provide evidence that this activity was occurring contemporaneously with his injury. Moreover, the allegation simply states an activity that created, or helped create, the dangerous condition that resulted in plaintiff's injury. Therefore, plaintiff's negligent-activity theory fails as a matter of law.

## Conclusion

Defendant has carried its burden to show that plaintiff has no evidence of one or more elements of each of plaintiff's causes of action and has shown that it is entitled to judgment as a matter of law. Plaintiff has failed to rebut that showing with competent summary judgment evidence, as is his burden. Therefore, the court **grants** defendant's motion for summary judgment (Doc. 25) and will render its judgment by separate instrument.

*So ordered by the court on August 18, 2020.*

───────────────────────────
J. CAMPBELL BARKER
United States District Judge